IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EDDIE GRAY HOLT**     **PLAINTIFF**

**V.**     **CAUSE NO. 3:15-cv-077-CWR-LRA**

**VICTORIA FIRE AND CASUALTY COMPANY**     **DEFENDANT**

**ORDER**

Before the Court is the defendant's Motion for Summary Judgment. Docket No. 15. The plaintiff filed a response, Docket No. 21, to which the defendant filed a rebuttal. Docket No. 24. Having carefully considered the record and the relevant case law, the Court concludes that summary judgment must be granted.

**I. Factual and Procedural History**

The plaintiff, Eddie Gray Holt, owned a 2008 Chevrolet Corvette covered by an insurance policy underwritten by the defendant, Victoria Fire and Casualty Company ("Victoria"), for a coverage period of January 21, 2014 to July 21, 2014. Docket No. 1-1. On or around March 25, 2014, Holt filed a claim alleging that the vehicle had been stolen from the Burlington Coat Factory parking lot in Fairfield, Alabama, where he claims he left it parked overnight. On or about March 27th, the defendant assigned a special investigator, Chad Leverett, to the plaintiff's claim. Leverett contacted the plaintiff to begin the investigation of his claim.

On or about April 17th, Leverett and Fairfield Police detective Larry Kennon reviewed video surveillance footage from Burlington Coat Factory for the time frame that the plaintiff claimed the vehicle was in the parking lot. Docket No. 14-3. Leverett and Kennon have submitted sworn affidavits that the footage did not show Holt's vehicle enter or exit the parking lot, and it did not show the vehicle parked in the area identified by the plaintiff. *Id.* at 3-4.

1

On May 28th, Victoria sent Holt a letter requesting him to submit to an examination under oath (EUO) to further investigate his claim. Docket No. 14-5. In that letter, the defendant requested that the plaintiff bring with him, *inter alia*, certain financial documents such as paystubs, bank account statements, and records of personal debts. The defendant also requested Holt's cell phone records for the twenty-one hour time period of March 24th, 3:00 p.m. to March 25th, 12:00 p.m.

On June 18th, Victoria conducted Holt's EUO. Docket No. 14-2. The plaintiff did not bring any of the requested documentation, and he refused to answer certain questions concerning his finances. *Id.* at 11, 17. Holt's only reason for refusing to provide documentation of his income was, "I just don't want to disclose my income. I just don't." *Id.* at 11.

On or about June 24th, Holt's attorney provided the defendant with what appears to be a picture of a computer screen displaying the plaintiff's telephone records. Docket No. 14-6. The picture, however, did not contain the timeframe requested by the defendant.[1] On June 30th, Victoria sent the plaintiff a letter demanding a second EUO to discuss the telephone records and requesting, for a second time, that Holt provide documentation concerning his finances and debts. Docket No. 14-7. In response, on July 10th, Holt, through his attorney, advised that he would not appear for any further examinations but would, as an alternative, answer questions with sworn statements. Docket No. 14-8.

On July 17th, Victoria denied Holt's insurance claim based on the plaintiff's failure to cooperate, Docket 14-9, and this suit followed.

---

[1] The picture provided phone records for only four hours, March 24th, 2:23 p.m. to 6:29 p.m.; a period which did not include the overnight hours.

2

## II. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute.  *Id.* at 56(c)(1).  "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial."  *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citation omitted).  The Court will view the evidence and draw reasonable inferences in the light most favorable to the non-movant.  *Maddox v. Townsend & Sons, Inc.,* 639 F.3d 214, 216 (5th Cir. 2011).  Conclusory allegations and unsubstantiated assertions, however, are not sufficient summary judgment evidence.  *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).  In the absence of proof, the court will not assume that the nonmoving party could or would prove the necessary facts.  *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), as *revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi.  *Capital City Ins. Co. v. Hurst,* 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.,* 495 F.3d 224, 228 (5th Cir. 2007).  State law is determined by looking to the decisions of the state's highest court.  *St. Paul Fire and Marine Ins. Co. v. Convalescent Serv., Inc.,* 193 F.3d 340, 342 (5th Cir. 1999).

## III. Discussion

Under Mississippi law, "clauses in insurance policies which authorize insurers to conduct examinations under oath are reasonable and valid."  *Foremost Ins. Co. v. Freeman*, No. 3:14-cv-804-CWR-FKB, 2016 WL 380126, at *2 (S.D. Miss. Jan. 29, 2016) (citing *Monticello Ins. Co. v.*

3

*Mooney*, 733 So. 2d 802, 806 (Miss. 1999)). Insureds who have agreed to EUO clauses "are required to respond to all reasonable inquiries and to give all reasonable assistance and . . . failure to do so may well deny them recovery." *Allison v. State Farm Fire & Cas. Co.,* 543 So. 2d 661, 664 (Miss. 1989). An insured's offer to produce documents or written responses in lieu of submitting to an EUO is not enough. *See Boston Ins. Co. v. Mars*, 148 So. 2d 718, 720 (Miss. 1963) ("We are of the opinion that the provision in the policy of insurance for an examination of the insureds under oath contemplated an examination by the question and answer method, wherein the answer to one question may suggest the next question to be asked by the examiner."). Additionally, an insured's failure to provide financial information may constitute a material breach of the insurance contract that voids coverage. *Mooney,* 733 So. 2d at 807.

Here, Victoria argues that it is entitled to summary judgment because Holt breached the terms of the insurance policy when he refused to provide documentation concerning his finances and when he refused to submit to a second EUO. The specific terms of the policy that the defendant claims the plaintiff breached state in pertinent part:

> **INSURED PERSONS' DUTY AFTER AN ACCIDENT OR LOSS**
> The **insured** will: . . .
> 4. submit to an examination under oath as often as reasonably requested by **us**, while not in the presence of any other **insured** or person making a claim for any coverage under this policy, at a time and place designated by **us** before an individual or individual chosen by **us**. . . .
> 8. provide access to any data and/or records **we** reasonably request for use in the evaluation or defense of any claim or suit and permit **us** to make copies of such data or records.

Docket No. 14-10, at 7 (emphasis in original).[2]

The defendant contends that the plaintiff's refusal to disclose his income, provide documentation related to his finances and debts, and provide cell phone records was a material

---

[2] Victoria Fire and Casualty Company is the underwriter of the policy.

4

breach of these terms. Victoria submits that the lack of such information prevented completion of its investigation of the alleged theft.

In response, the plaintiff offers two arguments why the defendants are not entitled to summary judgment. First, the plaintiff argues that the request for a second EUO was unreasonable because the plaintiff satisfied his duty to cooperate by previously participating in two telephone interviews and one "face to face question/answer session," Docket No. 1-1, at 3, and under oath, giving a ballpark figure of his income of $30,000 to $40,000 annually. Docket No. 21, at 2.

The plaintiff's argument is without merit. Testimony from the plaintiff's EUO supports the defendant's position.

> Q. Do you have an idea of your weekly, bi-weekly, monthly yearly income?
> A. No. It just varies.
> Q. Have you filled out income tax over the last several years?
> A. I have not done it this year.
> Q. Do you remember last year what you would have-
> **A. I don't want to disclose my income.**
> Q. And the reason for that being?
> **A. I just don't want to disclose my income. I just don't.**
> Q. Okay.
> A. I can give you a ballpark figure. Somewhere probably around- sometimes its 30, sometimes 40.
> Q. A year?
> A. Yes.

Docket No. 14-2, at 10-11(emphasis added).

It was reasonable for the defendant to request more than a "ballpark figure" of an insured's finances during its claims investigation. S*ee McPhail v. State Farm Fire & Cas. Co.*, No. 92-7444,1993 WL 152061, at *3 (5th Cir. April 30, 1993) (finding that under Mississippi law, "[i]n its effort to possess itself of all knowledge in order to protect against false claims, an insurer may seek more financial data than an insured originally provides so as to satisfy itself of

5

the insured's financial position."). It was also reasonable for the defendant to request a second EUO: the plaintiff did not fully cooperate during the first EUO, and he did not provide the requested phone records and financial documentation. Moreover, Holt acknowledges that he refused to divulge detailed financial information requested by the defendant, arguing that "it is common for people not to divulge financial worth, especially when it is positive." Docket No. 21, at 2. Thus, the plaintiff has failed to establish a fact issue as to whether he refused to comply with Victoria's reasonable request for information and submit to an EUO "as often and as reasonably requested" as required by the policy.

Second, the plaintiff relies on *Mullen v. Miss. Farm Bureau Cas. Ins. Co.*, 98 So.3d 1082, 1089 (Miss. Ct. App. 2012), to argue that his refusal to submit to a second EUO did not void the terms of the policy because his refusal was not willful. *Mullen*, however, is distinguishable. In *Mullen*, the insured requested policy language and case law before submitting to an EUO, but she consistently advised the insurer that she was willing to cooperate during the investigation of her claim and she never refused to comply with the terms and conditions of the policy. *Id.* Here, on the other hand, Holt repeatedly told the defendant that he was not willing to submit to a second EUO and that he was not willing to provide the requested financial documentation. In lieu of acquiescing to the demands of Victoria, Holt advised that he was willing only to provide sworn statements in response to any questions that Victoria put to him. Unlike the plaintiff in *Mullen*, here, to the extent required by *Mullen*, the plaintiff's refusal to cooperate was willful. *See Archie v. State Farm Fire & Cas. Co.,* 813 F. Supp. 1208, 1213 (S.D. Miss. 1992) (granting summary judgment in favor of insurer where the insurer advised plaintiff of his obligation to submit to a sworn examination on several occasions and where plaintiff chose not to submit to the examination but to file a lawsuit instead).

6

On these facts, it was reasonable for the defendant to request a second EUO. The plaintiff had a duty to submit to an EUO under the terms of the policy. And the plaintiff's indisputable breach of his duty to do so voided the policy. Victoria did not breach its insurance contract or deny in bad faith insurance benefits to which Holt claims he was entitled.

## IV.  Conclusion

For these reasons, the defendant's motion for summary judgment is granted. A separate Final Judgment will issue this day.

**SO ORDERED,** this the 26th day of February, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE